IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALICIA DURANT,                              :

    Plaintiff,                          :

v.                                          :      CA 12-00497-C

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,     :

    Defendant.                          :

## MEMORANDUM OPINION AND ORDER

The plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 24 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); 26 (order referring case to Magistrate Judge).) Upon consideration of the administrative record ("R.") (Doc. 12), the plaintiff's brief (Doc. 13), the Commissioner's brief (Doc. 16), and the arguments presented at the May 14, 2013 Hearing, it is determined that the Commissioner's decision denying the plaintiff benefits should be **AFFIRMED**.[1]

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 24 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

I.      **Procedural Background**

On or about October 16, 2009, the plaintiff filed an application for DIB and SSI (R. 17, 142-150, 158), initially alleging disability beginning November 30, 2007, but later amending her alleged onset date to July 1, 2008 (*see, e.g.,* R. 17). Her application was initially denied on August 12, 2010. (*See* R. 61-69.) A hearing was then conducted before an Administrative Law Judge on April 6, 2011 (*see* R. 32-60). On July 29, 2011, the ALJ issued a decision finding that the claimant was not disabled (R. 14-61), and the plaintiff sought review from the Appeals Council. The Appeals Council issued its decision declining to review the ALJ's determination on June 15, 2012 (*see* R. 1-6)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on August 6, 2012 (*see* Doc. 1).

II.     **Standard of Review and Claims on Appeal**

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the

Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

On appeal to this Court, the plaintiff asserts two separate claims:

1. The ALJ committed reversible error by failing to give proper weight to the medical statements of Dr. Mosha Peters Harris, the plaintiff's treating physician; and

2. The ALJ committed reversible error in failing to properly apply the three-part pain standard established by the Eleventh Circuit for adjudicating claims based upon complaints of pain and in failing to issue a proper credibility finding.

(Doc. 13 at 3-4.) For the reasons discussed below, because the Court finds that (1) the ALJ articulated specific reasons supported by substantial evidence for failing to give controlling weight to the opinion of Dr. Harris, and (2) the ALJ referenced and applied the pertinent regulations and articulated a credibility determination supported by

3

substantial evidence, the Commissioner's decision denying the plaintiff should be affirmed.

> **A.   The ALJ's allegedly improper decision to give less than controlling weight to the opinion of the plaintiff's treating physician.**

As the plaintiff's treating physician, Dr. Mosha Peters Harris's opinion (R. 316), that the plaintiff (1) can neither lift nor carry at all; (2) can only sit or stand and/or walk for no more than one hour in an eight-hour work day; (3) can never, among other things, push or pull or operate a motor vehicle; and (4) will likely be absent from work more than four days per month,

> "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997). Good cause is shown when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Where the ALJ articulate[s] specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. *Moore* [*v. Barnhart*], 405 F.3d [1208,] 1212 [(11th Cir. 2005)].

*Gilabert v. Commissioner of Soc. Sec.*, 396 Fed. App'x 652, 655 (11th Cir. Sept. 21, 2010) (per cuiam).

Here, the ALJ gave "[l]ess weight" to Dr. Harris's opinion—delivered through a physical capacities examination ("PCE") form completed on April 19, 2010—that the plaintiff "could never perform fine or gross manipulations, reach or drive, etc.[,]" concluding that those "restrictions are inconsistent with the [plaintiff's] activities of daily living [as] shown in her function report and her testimony[,]" in which the plaintiff indicated "that she does crafts, cross-stitching, scrapbooking, draws and uses the computer for playing games, finding recipes and researching her genealogy. She also cooks, shops, does the laundry, drives to the store and doctor appointments and

some housework with assistance and breaks. She also attends her son's football games." (R. 25.) On appeal, the plaintiff asserts, first, that the ALJ "failed to discuss in detail the reasons for her rejection of the majority of Dr. Harris'[s] opinion, and instead stated that 'more weight [was] given to' the consultative examiner, Dr. Cotwell, and 'less weight is given to' Dr. Harris because her restrictions were 'inconsistent with the claimant's activities of daily living shown in her function report and her testimony.'" (Doc. 13 at 7 (quoting R. 25).) First, contrary to the implication in this assertion, the ALJ did not conflate the decision to give Dr. Harris's opinion less than controlling weight with the decision to give Dr. Cotwell's decision greater weight. The ALJ, instead, specifically—and separately—provided a detailed reason for giving the treating physician's opinion less than controlling weight.

Further, according to the plaintiff, the ALJ also failed to account for the plaintiff's statements that she could only do all the listed daily activities for a limited duration—anywhere from five to ten minutes. (*See* Doc. 13 at 7 (citing R. 43).) The plaintiff indicated that she could not sit there and complete the tasks and also indicated that, when she attempted to continue the tasks standing up, she was unable to hold her arms very long and that it takes her forever to finish tasks because she has to keep stopping. (*See id.*) The plaintiff fails to provide precedent to support this position other than SSR 96-8p, which provides, generally speaking, that an "RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work scheduled." 1996 WL 374184, at *2 (S.S.A. July 2, 1996). Against this, the plaintiff argues that Dr. Harris's

opinion that the plaintiff can *never* perform the enumerated activities[2] ***should be read as meaning*** that the plaintiff can "never perform the activities involved in doing these tasks on a sustained basis in a work setting, which is the overarching context in which Dr. Harris'[s] opinion was given on its face, and the context in which the ALJ is required to analyze [the plaintiff's RFC, as stated in SSR 96-8p]."  (Doc. 13 at 7 (emphasis in original).)

Thus, the plaintiff is, essentially, requesting that the Court reconsider Dr. Harris's PCE and interpret that evidence differently than the ALJ interpreted it.  (*See, e.g., id.* ("The ALJ's use of the fact that Ms. Durant[ testified that she] could inconsistently and infrequently perform these activities with difficulty certainly does not constitute 'substantial evidence' contrary to Dr. Harris'[s] findings ***sufficient to disregard it***.") (emphasis added).)  But because "[t]he District Court 'may not decide the facts anew, ***reweigh the evidence***, or substitute [its] judgment for that of the [Commissioner,]'" the error of such a request should be obvious.  *Bowden v. Commissioner of Soc. Sec.*, No. 6:11–cv–620–Orl–GJK, 2012 WL 2179119, at *5 (M.D. Fla. June 13, 2012) (quoting *Phillips v. Barnhart*, 357 F.3d at 1240 n.8) (emphasis added); *accord Dyer*, 395 F.3d at 1210; *see also Gibbs v. Colvin*, No. 11–1318–SAC, 2013 WL 823412, at *5 (D. Kan. Mar. 6, 2013) ("[I]t is not for the court to reweigh the evidence[,]" even in extreme cases, such as when a case has been pending for nine years, or even where four administrative hearings had already been held, a remand for further proceedings remains necessary because a "court does not reweigh the evidence") (collecting

---

[2] Specifically, it was Dr. Harris's opinion (at least on April 19, 2010) that the plaintiff can *never* (1) push or pull (with regard to arm and/or leg controls); (2) climb (stairs or ladders) or balance; (3) grossly manipulate (as in, grasp, twist, or handle); (4) finely manipulate (i.e., finger dexterity); (5) bend and/or stoop; (6) reach (including overhead); (7) operate motor vehicles; and (8) work with or around hazardous machinery.   (R. 316.)

6

authority). For example, in *Dolfax v. Astrue*, No. 7:09–CV–67–FL, 2010 WL 1488116 (E.D.N.C. Mar. 18, 2010), in rejecting a claimant's argument that "[n]one of these [reasons] provide (sic) a valid basis for discounting Dr. Karras's opinion *to the degree the ALJ did*[,]" *id.* at *8 (quoting plaintiff's memorandum (emphasis added)), the court noted that the "[c]laimant essentially invites the Court to reweigh evidence that has already been considered and weighed by the ALJ. [But 'u]ltimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.'" *Id.* (quoting *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

In turn, "the job of this Court is . . . to determine whether the ALJ considered all of the important evidence and whether his decision was supported by substantial evidence." *Anthony v. Astrue*, No. 09-3252, 2010 WL 4683955, at *13 (C.D. Ill. Oct. 26, 2010) (rejecting a contention that an ALJ's determination was erroneous where (1) the ALJ's conclusions were supported by record evidence, (2) which is substantial, and (3) the ALJ's decision enabled "the Court [to] track the ALJ's analysis").[3] And here, the ALJ has clearly articulated a specific reason supported by substantial record evidence for failing to give Dr. Harris's opinion controlling weight. That a treating physician's opinion is inconsistent with a plaintiff's testimony regarding his or her daily activities is certainly good cause to give less than controlling weight to that opinion. *See, e.g., Givan v. Colvin*, Civil Action No. 11–00508–B, 2013 WL 1296241, at *12 (S.D. Ala. Mar. 27, 2013) ("The opinions and conclusions set forth in the Clinical Assessment of Pain forms

---

[3] This articulation of the dual requirement that an ALJ's decision must be, one, supported by substantial record evidence and, two, provide a roadmap for the reviewing Court to follow, is parallel to the requirement that an ALJ's RFC determination be "linked" to substantial record evidence supporting that determination. Both make ALJs "show their work," which facilitates meaningful review by the Court.

completed by Drs. Belen and Harrison . . . are inconsistent with the remaining medical evidence in this case, as well as the evidence of Plaintiff's activities of daily living, as detailed below. Therefore, the Court finds that the ALJ had good cause for rejecting Dr. Belen's and Dr. Harrison's opinions regarding Plaintiff's pain and the side effects of her medications."). There is therefore "no reversible error" on this ground. *Moore*, 405 F.3d at 1212.

> B. **The ALJ's alleged failure to articulate or apply the Eleventh Circuit three-part pain standard.**

The plaintiff's second argument on appeal is that "the ALJ committed reversible error in failing to articulate or apply the three-part pain standard established by the Eleventh Circuit for adjudicating claims based upon claimants of pain." (Doc. 13 at 8.)

> "[A] claimant's subjective complaints of pain cannot in and of themselves serve as conclusive evidence of disability. The record must document by medically acceptable clinical or laboratory diagnostic techniques the existence of a medical impairment which could reasonably be expected to produce the disabling pain." *Chester*, 792 F.2d at 132. A three-part "pain standard" applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The pain standard requires: (1) evidence of an underlying medical condition, and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) the objectively determined medical condition is of such a severity it can be reasonably expected to give rise to the alleged pain. *Id.*
>
> When a claimant testifies to subjective complaints of pain, the ALJ must clearly articulate adequate reasons for discrediting the claimant's allegations of disabling symptoms. *Dyer*, 395 F.3d at 1210. In articulating his reasons, the ALJ need not specifically refer to every piece of evidence, so long as the decision "is not a broad rejection which is not enough to enable the district court or [, if necessary, the court of appeals] to conclude that the ALJ considered [the] medical condition as a whole." *Id.* at 1210–11 (quotation omitted). A clearly articulated credibility determination supported by substantial evidence will not be disturbed. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

*Petteway v. Commissioner of Soc. Sec.*, 353 Fed. App'x 287, 288-89 (11th Cir. Nov. 18, 2009)

(per curiam) (some internal citations modified).

Further, as to an ALJ's credibility determination, as one court explained in the context of discussing the three-part pain standard (first adopted in *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986)), as long as "the implication [is] obvious to the reviewing court[,] . . . the Eleventh Circuit does not require an explicit finding as to the claimant's credibility[.]"  *Sharpe v. Astrue*, No. 5:07cv74/RS-MD, 2008 WL 1805436, at *6 (N.D. Fla. Apr. 15, 2008) (citing *Dyer*, 395 F.3d at 1210).  And, moreover, as to the *Hand* three-part pain standard,

> [t]he Eleventh Circuit has approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529 [or § 416.929], because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard."  *Wilson*, 284 F.3d at 1226.  Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

*Id.*

As the plaintiff acknowledges, "the ALJ found that Ms. Durant's medically determinable impairments could reasonably be expected to produce the alleged symptoms."  (Doc. 13 at 12 (citing R. 22).)  But the ALJ concluded that the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with [the ALJ's RFC determination]."  (R. 22.)  As in *Petteway*, this ALJ also explicitly considered the plaintiff's testimony concerning her daily activities, the plaintiff's compliance with therapy, and the objective medical evidence.  *Compare* 353 Fed. App'x at 289, *with* R. 22-25 (for example, both Petteway and the plaintiff were to an extent noncompliant with prescribed treatments—"Petteway regularly stopped taking his pain medication for months at a time[,]" while the ALJ here noted that Ms. Durant "discharged herself [from] range of

motion therapy [before] all goals were [ ] met" and attended approximately half of her treatment sessions). Further, the ALJ cited the applicable regulations (§§ 404.1529 and 416.929 (*see* R. 21)) and provided cogent reasons for finding the plaintiff less than credible:

> The claimant testified that she could not sit for longer than 5 minutes but sits doing research on the computer and playing computer games. During football season, she attends her son's football games. She reported that she has difficulty concentrating on one thing. Nevertheless, she does crafts, cross-stitching, scrapbooking, [ ] draw[s,] and us[es] the computer. Furthermore, her testimony is less credible as she tried to present her condition as more restrictive by performing poorly during the physical exam by Dr. Crotwell. Accordingly, the claimant's allegations are not consistent with her functioning and render her less credible.

(R. 22.; *see also* R. 432 (remarking on his June 13, 2011 examination of the plaintiff, Dr. Cotwell "f[ou]nd the patient ha[d] some discrepancies with some symptom magnification").) The Court therefore rejects any argument that the ALJ failed to follow the applicable pain standard. As stated above, the ALJ referenced the applicable regulation and has, moreover, "articulated [a] credibility determination supported by substantial evidence[.]" *Petteway*, 353 Fed. App'x at 289; *accord Wiggins v. Astrue*, No. CA 11–00565–C, 2012 WL 3631092, at *7 (S.D. Ala. Aug. 22, 2012).

### III.   Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying the plaintiff benefits be **AFFIRMED**.

**DONE and ORDERED** this the 23rd day of May, 2013.

s/WILLIAM E. CASSADY<br>
**UNITED STATES MAGISTRATE JUDGE**